Respectfully submitted,
/s/ Clyde H. Freeman
CLYDE H. FREEMAN

Theo F. **MIDDLETON** and Mary Knox Middleton, Plaintiffs,

v.

**UNITED STATES** of America, Defendant.

Civ. A. No. 91–1011–RV–M.

United States District Court,
S.D. Alabama, S.D.

Feb. 25, 1993.

E. Watson Smith, Alan C. Christian, Mobile, AL, for plaintiffs.

Scott J. Crosby, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant.

### *ORDER*

VOLLMER, District Judge.

This cause is before this Court on the plaintiffs' motion for summary judgment (tab 9) and the defendant's opposition to plaintiffs' motion and cross motion for summary judgment (tab 12).

On a motion for summary judgment, pursuant to Rule 54, Federal Rules of Civil Procedure, the Court must decide whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. All evidence must be viewed in light most favorable to the non-moving party. *Langston v. ACT*, 890 F.2d 380, 383 (11th Cir.1989), *Alphin v. Sears, Roebuck & Co.*, 940 F.2d 1497, 1500 (11th Cir.1991). While the moving party bears the burden of proving that there exists no genuine issue of material fact, summary judgment will be granted if the "nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265, 273 (1986).

#### Findings of Fact

Plaintiffs, Theo Middleton and Mary Knox Middleton, (hereafter, the plaintiffs) are individuals over the age of 19 years, and reside in Mobile County, Alabama. (Complaint ¶ 1; Answer ¶ 1).

Defendant is the United States of America. (Complaint ¶ 2, Answer ¶ 2).

Plaintiffs have complied with the conditions precedent to this action under Title 26 U.S.C. §§ 6532, 7422 and this Court has jurisdiction over this matter pursuant to the provisions of Title 28 U.S.C. § 1346(a)(1). (Complaint ¶ 3, Answer ¶ 3).

This Court has venue over this action pursuant to the provisions of Title 28 U.S.C. § 1402(a)(1). (Complaint ¶ 4, Answer ¶ 4).

In the tax year which ended on December 31, 1985, Theo F. Middleton retired and received lump sum distributions from a Money Purchase Pension Plan and a Profit Sharing Plan. Theo F. Middleton rolled over the lump sum distribution received from the Money Purchase Pension Plan to an individual retirement account (IRA) in a tax-free rollover. The taxability of this rollover is not in dispute. (Complaint ¶ 5, Answer ¶ 5).

With respect to the lump sum distribution in the amount of $126,379.00 received from the Profit Sharing Plan, the plaintiffs elected by filing Form 4972 with the plaintiffs' 1985 Form 1040 to compute the income tax thereon using the ten-year-averaging method under Section 402(e) of the Internal Revenue Code of 1954 (hereafter the Code). (Complaint ¶ 6, Answer ¶ 6).

Defendant, through the Internal Revenue Service (hereafter the IRS), issued a Notice of Deficiency to the plaintiffs for the calendar year 1985 dated October 26, 1989 in the total amount of $34,256.00, claiming, among other things, that the lump sum distribution from the Profit Sharing Plan did not qualify for the ten-year-averaging method because the plaintiffs did not treat the lump sum distribution received from the Money Purchase Pension Plan in the same manner as the lump sum distribution received from the Profit Sharing Plan. (Complaint ¶ 7, Answer ¶ 7).

On March 19, 1990, the plaintiffs paid the alleged total deficiency of $34,256.00 plus $16,789.74 in interest on said alleged total deficiency. Of these sums, only $34,094.00 of unpaid tax and $16,710.34 of interest is in dispute over the tax treatment of the lump sum distribution from the Profit Sharing Plan. (Complaint ¶ 8, Answer ¶ 8).

On August 27, 1990, the plaintiffs timely forwarded by certified mail to the Internal Revenue Service Center, Memphis, Tennessee their claim for refund under Form 1040x, with attachments, of $34,094.00 in taxes and $16,710.34 of interest from the total amounts paid on March 19, 1990. (Complaint ¶ 9, Answer ¶ 9).

Said claim for refund was received by the Internal Revenue Service Center, Memphis, Tennessee as attested to in its correspondence dated September 12, 1990. Taxpayers were not advised that any further substantive action has been taken with respect to said claim for refund within six months since the claim was filed with the Internal Revenue Service Center, Memphis, Tennessee. By correspondence dated March 27, 1991, the IRS gave notice that the claim for refund was disallowed in full. (Complaint ¶ 10, Answer ¶ 10).

## Conclusions of Law

The only issue in this case is whether the plaintiffs are entitled to a ten-year averaging under subsection 402(e)(4)(B) of the Internal Revenue Code (1954) on a 1985 lump sum distribution from a profit sharing plan even though the plaintiffs received a lump sum distribution from a money purchase pension plan during the same year and choose to roll it over into an IRA.

"The task of resolving the dispute over the meaning of [402(e)(4)(B)] begins where all such inquiries must begin: with the language of the statute itself." *United States v. Ron Pair Enterprises*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290, 298 (1989). "The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *Id.* at 242, 109 S.Ct. at 1031, 103 L.Ed.2d at 299.

In *Fowler v. Commissioner*, 98 T.C. No. 34 (April 22, 1992), the United States Tax Court addressed an issue similar to the one in the present case.[1] The taxpayer argues that *Fowler* is distinguishable because the plans involved are similar and as such are required to be aggregated whereas the plans in the instant case are dissimilar and should not be aggregated. The plaintiffs contend that all the profit sharing plans are aggregated into a single plan and all money purchase pension plans are to be aggregated into a single plan and nothing more. The government con-

---

1. In *Fowler*, the taxpayer received lump sum distributions from both an incentive savings plan and a profit sharing plan. *Fowler v. Commissioner*, 98 T.C. No. 34, p. 3 (April 22, 1992). The taxpayer rolled over the distribution from the incentive savings plan into an IRA. The taxpayer elected to use the ten-year averaging method for the distribution from the profit sharing plan. *Id.*

tends that once the aggregation into a single plan is complete then a super aggregation must take place between both money purchase pension plans and profit sharing plans.

The Tax Court in *Fowler* relied on the legislative history of subsection 402(e)(4)(B) and quotes the conference report:

"The House bill requires that a taxpayer who wishes to use the special averaging and capital gains treatment described above for one lump sum distribution *must use that treatment for the aggregate of the lump sum distributions he receives in the same taxable year.* The Senate amendment and existing law contain no comparable provision. The conference substitute and accepts the House rule."

*Id.* at 8–9, quoting H.Conf.Rept. 93–1280 (1974), 1974–3 C.B. 415, 510; emphasis added.

Subsection 402(e)(4)(B) of the Internal Revenue Code (1954) places a limitation upon the use of the ten-year-averaging method by a taxpayer, such as Theo Middleton, who receives more than one lump sum distribution from one or more plans in one year.

The plaintiffs as recipients of distributions from two plans in 1985 cannot use the special ten-year-averaging method unless they combine all amounts received in 1985 from both the Money Purchase Plan and the Profit Sharing Plan that might be eligible for this special averaging system into a single lump sum distribution. 26 U.S.C. § 402(e)(4)(B).

The plaintiffs may not roll over the distribution from one plan into a qualified retirement account and choose ten-year averaging for the distribution from the other plan, regardless of the type of plan from which the distribution is provided. 26 U.S.C. § 402(e)(4)(B).

The phrase "ordinary income" as it is used in subsection 402(e)(1)(A) of the Code is used only to distinguish such income from capital gain.

Even though a distribution from a plan which is rolled over into another qualified retirement account pursuant to subsection 402(a)(5) of the Code and is not to be included in the gross income of the recipient's ordinary income within the meaning of subsection 402(e)(1)(A) of the Code.

If any recipient chooses to roll over a distribution in a given year, such roll over is taken into account within the limitations placed upon the use of the ten-year-averaging method in subsection 402(e)(4)(B) of the Code.

The plaintiffs' decision, therefore, to roll over their distribution from the Money Purchase Pension Plan negated their opportunity to choose the ten-year-averaging method for its application to the distribution from the Profit Sharing Plan.

Accordingly, the plaintiffs are not entitled to a refund of $34,094 in tax and $16,710.34 in interest on such tax, which represents the tax consequences from the plaintiffs' receipt of a lump sum distribution from Theo Middleton' Profit Sharing Plan in 1985.

### Conclusion

After due and proper consideration of all the relevant pleadings in this matter, the Court concludes that there is no genuine issue of material fact and that the defendant is entitled to summary judgment.

In light of the foregoing, the plaintiffs' motion for summary judgment (tab 9) is hereby DENIED and the defendant's opposition to plaintiffs' motion and cross motion for summary judgment (tab 12) is hereby GRANTED.